UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN J. HANYON,

                              **Plaintiff,**

   vs.                                                3:23-CV-1640
                                                                 (MAD/ML)

EXPRESS AUTO CREDIT CORP., ANGELO
PASQUALE, and HANNAH DOOLITTLE,

                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**STEVEN J. HANYON**
22 Weber Road
Port Crane, New York 13833
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action against Defendants Express Auto Credit Corporation, Angelo Pasquale, and Hannah Doolittle. *See* Dkt. No. 1. Upon review of Plaintiff's submissions, this Court issued a text order directing Plaintiff to comply with the Federal Rules of Civil Procedure. *See* Dkt. No. 5. Specifically, the Court directed Plaintiff to submit a complaint that includes a short and plain statement of his claim(s). *See id.* Thereafter, Plaintiff submitted a letter to this Court enclosing the "Complaints you asked for," which was followed by another letter that included additional allegations. Dkt. Nos. 8, 10.

      In an Order and Report-Recommendation, Magistrate Judge Lovric conducted an initial review of the complaint and subsequent submissions. *See* Dkt. No. 11. Despite recommending that Plaintiff's application for *in forma pauperis* application be denied as incomplete, Magistrate

Judge Lovric continued to review the sufficiency of the "complaint."[1] In his review, Magistrate Judge Lovric recommending the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. *See id.* at 8-11. Additionally, Magistrate Judge Lovric noted that it is likely that Plaintiff's claims are precluded under either the *Rooker-Feldman* doctrine or *Younger* abstention, because Plaintiff's claims appear to be related to an underlying state-court action. *See id.* at 8-9 n.3. Moreover, to the extent that Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983, Magistrate Judge Lovric recommended that the claim be dismissed because Plaintiff has failed to allege the involvement of a state actor. *See id.* at 9. Despite his serious doubts as to Plaintiff's ability to state a cognizable cause of action, Magistrate Judge Lovric recommended that the Court permit Plaintiff an opportunity to amend his complaint. *See id.* at 10.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] Plaintiff has since submitted a completed application to proceed *in forma pauperis*, which the Court has reviewed and will grant solely for purposes of reviewing the sufficiency of the allegations. *See* 28 U.S.C. § 1915(e)(2).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's complaint and additional submissions fail to state a plausible claim for relief. In his submission providing the Court with the "Complaints" that the Court asked for, Plaintiff simply provided the Court with a series of documents related to Plaintiff's New York State Division of Human Right's complaints that were filed against non-parties to this action. *See* Dkt. No. 8 at 4-10. Additionally, Plaintiff's letter includes two documents each titled "Complaint," one with a caption against non-party Universal Instruments Corporation and one with a caption against Defendants Express Auto Credit Corporation and Pasquale. *See id.* at 2-3. Plaintiff appears to allege that Defendant Express Auto Credit Corporation remotely shut off a device in a 2013 Chevy Cruze, which resulted in Plaintiff being "blocked from work" and the termination of an employment contract with non-party Universal Instruments. *See id.* at 3.

In a document styled as a "motion for summary judgment," Plaintiff discusses various forms of discrimination he believes that he has endured since childhood at the hands of various non-parties and due to various New York State policies. *See* Dkt. No. 10 at 1. Plaintiff also outlines his educational history and various experiences with his ex-wife. *See id.* This motion for summary judgment further alleges that at some point in time Plaintiff began working for Universal and was required to get a new vehicle when his old one died. Plaintiff purchased a

3

2013 Chevy Cruze from Defendant Express Auto Credit Corporation, which was subsequently turned off through a "GPS remote shut-off switch." *Id.* at 2. When Plaintiff returned the vehicle to Defendant Express Auto Credit Corporation, he was unable to obtain a new vehicle because of his credit score and thereafter "sent them a[n] email threatening them." *Id.* This threat caused New York to confiscate his firearm. *See id.* at 2-3. In his motion for summary judgment, Plaintiff asserts that (1) he is in a lot of debt, (2) he has been waiting for unemployment benefits, (3) he filed the "NYS Poor Person affidavit and also A summary judgment in NYS Supreme Court," which have not been ruled on yet, (4) a judge in the Town of Union imposed a fine that Plaintiff cannot afford, and (5) he pleaded guilty to a violation for disorderly conduct upon the advice of the public defender representing him. *See id.* at 3.

As Magistrate Judge Lovric correctly concluded, Plaintiff's submissions wholly fail to provide fair notice of the claims he is attempting to assert and, therefore, are subject to dismissal under Rules 8 and 10 of the Federal Rules of Civil Procedure. Additionally, to the extent that Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983, he has failed to allege the involvement of a state actor. *See Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citation omitted).

Following issuance of the Order and Report-Recommendation, although Plaintiff did not submit objections, he did submit several additional filings, including, among other things, an amended complaint, an amended motion for leave to proceed *in forma pauperis*, a request for entry of default, a motion for default judgment, a letter motion "requesting a Settlement and Final Judgment," and a "Request for Personal Property Levy." Dkt. Nos. 12-13, 17, 18, 21, 23. These additional submissions fail to provide any clarity to the claims Plaintiff is attempting to bring or the relief he seeks. For example, in his amended complaint, in the section entitled "Statement of

Claim," Plaintiff states as follows: "Blocking real mail delivery, endangering the public with such a device and Unsealing 2 Cases in the Town of Fenton during the same time of trying to purchase 2013 Chevy Cruze." Dkt. No. 12 at 4.  In the section entitled "Relief," Plaintiff states as follows: "Time that was robbed to be living happy, and I enjoy paying taxes to support my country it is how I serve it.  I think the time, and the employee contract adds up with everything else.  I also think it should be the last party that joined the rest to pay, because they acted on there own action to take matter in their own hands to personal and confidential information about me that does not even belong to them." *Id.*  No additional facts are provided in support of his claims.

In his request for a "Final Judgment and Settlement," Plaintiff states that he is seeking "[t]o recover time that was lost from employment for not being able to be independent with my own vehicle because of the GPS Remote Device that was in a 2013 Chevy Cruze, I refused to drive it finding out the device was actually in the 2013 Chevy Cruze and returned the vehicle back with my old company Universal Instruments, because it could endanger the public and myself." Dkt. No. 21 at 3.

Nothing in Plaintiff's amended complaint or other submissions following the issuance of the Order and Report-Recommendation provide the Court with the necessary clarity to permit this matter to proceed.  Plaintiff's submissions fail to provide fair notice to Defendants or the Court about the claims he is attempting to assert or the underlying factual basis.  Additionally, in his amended complaint, Plaintiff asserts that the basis for federal court jurisdiction is diversity of citizenship.  *See* Dkt. No. 12 at 3.  However, according to the New York State Department of State website, Defendant Express Auto Credit Corporation is a domestic business corporation, with its principal place of business in Broome County, New York.  Since it is a New York corporation, and Plaintiff is a resident and citizen of New York, the Court lacks diversity

jurisdiction over this matter. *See* 28 U.S.C. § 1332; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Moreover, affording Plaintiff the special solicitude due to *pro se* litigants, the Court is unable to discern any basis for exercising federal question jurisdiction over this matter. As Magistrate Judge Lovric noted, Plaintiff has failed to allege any conduct by a state actor, as required to state a claim under 42 U.S.C. § 1983, and none of the facts alleged permit the Court to discern any other federal statute on which Plaintiff may be attempting to rely. Accordingly, the Court finds that Plaintiff's complaint and amended complaint must be dismissed.

Generally, a court should not dismiss an action filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, following the issuance of the Order and Report-Recommendation, Plaintiff filed an amended complaint along with several additional documents containing various allegations in support of his claims. Despite this, and the Court's liberal reading of all of Plaintiff's submissions, Plaintiff has failed to plausibly allege a valid cause of action or that the Court has subject matter jurisdiction to adjudicate any such claim. Accordingly, this action is dismissed without further leave to amend.

Based on the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 11) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's amended motion for leave to proceed *in forma pauperis* (Dkt. No. 13) is **GRANTED** for filing purposes only; and the Court further

**ORDERS** this action is **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk's entry of default (Dkt. No. 19) is **VACATED** as improvidently granted; and the Court further

**ORDERS** that the Clerk of the Court shall **TERMINATE** all additional pending motions in this matter (Dkt. Nos. 17, 21, 23); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 14, 2024
Albany, New York

Mae A. D'Agostino
U.S. District Judge